McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Renee M. Maxfield Bace
Nevada Bar No. 12814
  *renee.maxfield@mccormickbarstow.com*
Stacy Norris
Nevada Bar No. 15445
  *stacy.norris@mccormickbarstow.com*
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| ANGEL MORALES MONDRAGON, an individual | Case No. 2:25-cv-02465-JAD-EJY |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| TESLA GENERAL INSURANCE, INC., a business entity; DOES 1 through 10; ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |

COMES NOW, Defendant TESLA GENERAL INSURANCE. INC., by and through its counsel of record of the law firm of McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH, LLP, and in answer to the Complaint filed herein admits, denies, and alleges as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7160 Rafael Rivera Way, Suite 320
Las Vegas, NV 89113

Case No. 2:25-cv-02465-JAD-EJY

## GENERAL ALLEGATIONS

1.     In answering the allegations of Plaintiff's Complaint, Paragraph 1, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

2.     In answering the allegations of Plaintiff's Complaint, Paragraph 2, Defendant admits it is a foreign corporation doing business in the State of Nevada. As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

3.     In answering the allegations of Plaintiff's Complaint, Paragraph 3, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

## FACTS COMMON TO ALL CAUSES OF ACTION

4.     In answering the allegations of Plaintiff's Complaint, Paragraph 4, Defendant restates and re-alleges its responses to Paragraphs 1 through 3 inclusive, and incorporates the same as though fully set forth in full herein.

5.     In answering the allegations of Plaintiff's Complaint, Paragraph 5, Defendant admits that it provided a policy of automobile insurance, as set forth in and subject to all terms, conditions, exclusions, limitations and provisions that provided, among other coverages and subject to the terms, conditions, exclusions, limitations and provisions set forth therein, coverage for "Uninsured/Underinsured Motorist." As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

6.     In answering the allegations of Plaintiff's Complaint, Paragraph 6, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7160 Rafael Rivera Way, Suite 320
Las Vegas, NV 89113

2                                          Case No. 2:25-cv-02465-JAD-EJY

7.      In answering the allegations of Plaintiff's Complaint, Paragraph 7, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

8.      In answering the allegations of Plaintiff's Complaint, Paragraph 8, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

9.      In answering the allegations of Plaintiff's Complaint, Paragraph 9, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

10.     In answering the allegations of Plaintiff's Complaint, Paragraph 10, Defendant states that the correspondence of September 3, 2025, being a written instrument, speaks for itself, and any excerpts, characterization, or summary of content may be selective, incomplete and/or misleading in separating such matters from its textual context and placing its denial on that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein.

11.     In answering the allegations of Plaintiff's Complaint, Paragraph 11, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

12.     In answering the allegations of Plaintiff's Complaint, Paragraph 12, Defendant restates and re-alleges its responses to Paragraphs 1 through 11 inclusive, and incorporates the same as though fully set forth in full herein.

13.     In answering the allegations of Plaintiff's Complaint, Paragraph 13, Defendant objects as the allegations are legal conclusions.  As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

14.    In answering the allegations of Plaintiff's Complaint, Paragraph 14, and its subsections (a) and (b), Defendant objects as the allegations are legal conclusions.  Defendant further denies the allegations contained therein.

15.    In answering the allegations of Plaintiff's Complaint, Paragraph 15, Defendant objects as the allegations are legal conclusions.  As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

16.    In answering the allegations of Plaintiff's Complaint, Paragraph 16, Defendant denies the allegations contained therein.

17.    In answering the allegations of Plaintiff's Complaint, Paragraph 17, Defendant admits Plaintiff is represented by counsel.  Defendant denies the remainder of the allegations contained therein.

## SECOND CLAIM FOR RELIEF

### (Bad Faith/Breach of the Covenant of Good Faith and Fair Dealing)

18.    In answering the allegations of Plaintiff's Complaint, Paragraph 18, Defendant restates and re-alleges its responses to Paragraphs 1 through 17 inclusive, and incorporates the same as though fully set forth in full herein.

19.    In answering the allegations of Plaintiff's Complaint, Paragraph 19, Defendant admits that it issued a policy of auto insurance to Plaintiff which contained Uninsured/Underinsured Motorist coverage. As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

20.    In answering the allegations of Plaintiff's Complaint, Paragraph 20, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

21.    In answering the allegations of Plaintiff's Complaint, Paragraph 21, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

22.    In answering the allegations of Plaintiff's Complaint, Paragraph 22, Defendant admits that there is a covenant of good faith and fair dealing regarding insurance contracts.

23.    In answering the allegations of Plaintiff's Complaint, Paragraph 23, Defendant admits that there is a covenant of good faith and fair dealing regarding insurance contracts.

24.    In answering the allegations of Plaintiff's Complaint, Paragraph 24, Defendant denies the allegations contained therein.

25.    In answering the allegations of Plaintiff's Complaint, Paragraph 25, Defendant objects as the allegations are legal conclusions.  As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

26.    In answering the allegations of Plaintiff's Complaint, Paragraph 26, Defendant objects as the allegations are legal conclusions.  As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

27.    In answering the allegations of Plaintiff's Complaint, Paragraph 27, Defendant admits Plaintiff is represented by counsel.  Defendant denies the remainder of the allegations contained therein.

## THIRD CLAIM FOR RELIEF

### (Violation of Unfair Claims Settlement Practices Act)

28.    In answering the allegations of Plaintiff's Complaint, Paragraph 28, Defendant restates and re-alleges its responses to Paragraphs 1 through 27, inclusive, and incorporates the same as though fully set forth in full herein.

29.    In answering the allegations of Plaintiff's Complaint, Paragraph 29, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

30.    In answering the allegations of Plaintiff's Complaint, Paragraph 30, Defendant objects as the allegations are legal conclusions.  As to the remainder of the allegations contained

therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

31.    In answering the allegations of Plaintiff's Complaint, Paragraph 31, Defendant denies the allegations contained therein.

32.    In answering the allegations of Plaintiff's Complaint, Paragraph 32, Defendant objects as the allegations are legal conclusions.  As to the remainder of the allegations contained therein, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis, therefore, denies the same.

33.    In answering the allegations of Plaintiff's Complaint, Paragraph 33, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every claim alleged therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against this answering Defendant are barred under the Doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

The incident involved herein and any resulting injuries or damages, if any, were caused or contributed by acts and/or omissions of third parties over whom this answering Defendant has no control.

/ / /

/ / /

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7160 RAFAEL RIVERA WAY, SUITE 320
LAS VEGAS, NV 89113

6                                Case No. 2:25-cv-02465-JAD-EJY

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred on the grounds that this answering Defendant's conduct referred to in the Complaint was not a substantial factor in bringing about the injuries and damages complained of by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part by virtue of the provisions of the policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to set out their claims with sufficient particularity to permit this answering Defendant to raise all appropriate factual, legal and policy defenses, therefore, this answering Defendant reserves its right to amend, or supplement, or both, this Answer with additional affirmative defenses, including amendment after trial according to proof at trial.

## NINTH AFFIRMATIVE DEFENSE

That Plaintiff's claims are barred in whole, or in part, in that this answering Defendant acted reasonably in investigating and evaluating the claims for benefits under the policy.

## TENTH AFFIRMATIVE DEFENSE

Any alleged actions or conduct by this answering Defendant were privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reasonably performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Any alleged actions or conduct by this answering Defendant subsequent to Plaintiff's retention of counsel were subject to the litigation privilege.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to perform and comply with all conditions, covenants and promises required by Plaintiff to be performed in accordance with the terms and conditions of the written policy at issue, including, but not limited to, failing to provide required information, and failing to cooperate.

/ / /

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7160 RAFAEL RIVERA WAY, SUITE 320
LAS VEGAS, NV 89113

7

Case No. 2:25-cv-02465-JAD-EJY

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant hereby requests a credit in the amount of any advanced, paid, or tendered sums of money, if any, either to or on behalf of Plaintiff prior to trial in this action by any persons or entity, including but not limited to any worker's compensation benefits or payments by any insurer.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of this Complaint from this answering Defendant;

2.     That the Complaint be dismissed with prejudice;

3.     For attorneys' fees and costs of suit herein incurred; and

4.     For such other and further relief as the Court may deem just and proper.

December 18, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By      /s/ Renee M. Maxfield Bace
        Renee M. Maxfield Bace
        Nevada Bar No. 12814
        Stacy Norris
        Nevada Bar No. 15445
        7160 Rafael Rivera Way, Suite 320
        Las Vegas, Nevada 89113
        Tel. (702) 949-1100

        Attorneys for Defendant

12298278.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7160 RAFAEL RIVERA WAY, SUITE 320
LAS VEGAS, NV 89113

8                    Case No. 2:25-cv-02465-JAD-EJY

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2025, a true and correct copy of **ANSWER TO COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By /s/ Susan Kingsbury
Susan A. Kingsbury, an Employee of McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP